**NELSON MULLINS RILEY & SCARBOROUGH LLP**
LISA M. GIBSON (SBN 194841)
RYAN E. COSGROVE (SBN 277907)
SHAWTINA LEWIS (SBN 259255)
19191 South Vermont Avenue, Suite 900
Torrance, California 90502
Telephone:  424.221.7400
Facsimile:  424.221.7499
Email:     lisa.gibson@nelsonmullins.com
           ryan.cosgrove@nelsonmullins.com
           shawtina.lewis@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TOSH BERMAN,<br><br>            Plaintiff,<br><br>     v.<br><br>MCLAREN AUTOMOTIVE, INC., a Corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441(b) AND 1446 – DIVERSITY**<br><br>Complaint Filed:  June 3, 2019<br>Trial Date:       None |

PLEASE TAKE NOTICE that defendant McLaren Automotive, Inc. ("McLaren"), by and through its undersigned counsel, hereby files this Notice of Removal to Federal Court ("Notice of Removal") pursuant to 28 U.S.C. §§ 1441(b) and 1446. This action is within the original jurisdiction of the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332 because (i) there is complete diversity among the Plaintiff and Defendant and (ii) the total amount in controversy exceeds $75,000. McLaren denies the allegations contained in the state court pleadings filed in the Superior Court of the State of California, County of Los Angeles, and files this Notice of Removal without waiving any rights, defenses,

exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, McLaren states as follows:

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) and for the reasons explained below.

## THE REMOVED ACTION

1. Plaintiff Tosh Berman ("Plaintiff") filed this civil action against McLaren and DOES 1 through 100 on June 3, 2019, in the Superior Court of the State of California, County of Los Angeles, under Case Number 19STCV19406 (the "Action").

2. Plaintiff served McLaren with a Summons and Complaint on June 7, 2019.

3. A true and correct copy of all process, pleadings, and orders served upon McLaren are attached as Exhibit "A" and are being filed along with this Notice of Removal.

4. Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in the case have been served or otherwise received by McLaren or, to McLaren's knowledge, are presently on file in the state court. In the event that such filings come to McLaren's attention, it will immediately file copies in this Court.

5. McLaren did not respond to the Complaint in the state court prior to removal.

## PROCEDURAL ISSUES

6. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served McLaren with the Summons and Complaint on or about June 7, 2019. *See* Ex. A. Therefore, this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on McLaren.

7. Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court for the State of California for the County of Los Angeles, where the state court action is

pending, is located within the United States District Court for the Central District of California, Western Division.

## JURISDICTION IS PROPER UNDER § 1332(a)

8.  Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where (1) the action is between citizens of different states or citizens of a state and an alien, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, this Action satisfies both requirements and this Court therefore has jurisdiction.

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

9.  Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

10. Plaintiff is a resident of Los Angeles County and a citizen of the State of California. Ex. A, Compl. ¶ 1 ("Plaintiff… at all relevant times was a resident of Los Angeles County, California.")

11. McLaren is *not* a citizen of the State of California. McLaren is incorporated under the laws of the State of Delaware and its principal place of business located at 750 Third Avenue, Suite 2400, New York, NY 10017. Ex. B, California Secretary of State (last visited July 3, 2019). Accordingly, McLaren is a citizen of Delaware and New York for purposes of the Court's diversity jurisdiction. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …").

12. The citizenship of DOE Defendants sued under fictitious names is disregarded for purposes of removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

13. Because Plaintiff is a citizen of California and McLaren is not a citizen of California, there is complete diversity of citizenship in this action as required by § 1332(a).

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14. Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added).

15. It is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold.[1] The matter in controversy centers around a 2018 McLaren 570s Spider that Plaintiff purchased on or about October 26, 2018. Ex. A, Compl. ¶ 7. The purchase agreement establishes the 2018 McLaren 570s Spider was purchased for $195,499.00. Ex. C, Purchase Agreement. Among other forms of relief, Plaintiff seeks "reimbursement for the cost of financing, and owning the VEHICLE, repairing the VEHICLE, attorney's fees, and a civil penalty [pursuant to California's Civil Code sections 1793.2 and 1794], in an amount to be proved at trial." Ex. A, Compl. ¶ 17. Under Civil Code Section 1794, a plaintiff may be awarded a civil penalty of up to twice the amount of his or her actual damages.

/ / /

/ / /

---

[1] McLaren does not concede or admit, in any fashion, that any claims for any amounts alleged in the Complaint have legal or factual merit. *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). McLaren reserves all rights and defenses to such claims.

## NOTICE TO ADVERSE PARTY AND STATE COURT

16. Pursuant to 28 U.S.C. § 1446(d), McLaren is serving written notification of the removal of this case on Plaintiff's counsel.

17. Pursuant to 28 U.S.C. § 1446(d), McLaren will promptly file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, County of Los Angeles.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, McLaren hereby removes this Action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

DATED: July 5, 2019

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *Ryan E. Cosgrove*
LISA M. GIBSON
RYAN E. COSGROVE
SHAWTINA LEWIS
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.