# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/07/2019
CT Log Number 535635874

TO: Laura Brunker
MCLAREN AUTOMOTIVE LIMITED
750 3rd Ave Rm 2400
New York, NY 10017-2719

RE: **Process Served in California**

FOR: McLaren Automotive, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TOSH BERMAN, Pltf. vs. MCLAREN AUTOMOTIVE, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover sheet(s), Instructions, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 19STCV19406 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Mclaren 570S Spider, Vehicle Identification Number SBM13FAAOJW005078 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/07/2019 at 15:04 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Robert L. Starr<br>23901 Calabasas Road, Suite 2072<br>Calabasas, CA 91302<br>(818)225-9040 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780130054193<br><br>Image SOP<br><br>Email Notification,  Laura Brunker  laura.brunker@mclaren.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2019 03:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
19STCV19406

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MCLAREN AUTOMOTIVE, INC., a Corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TOSH BERMAN,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*

**19STCV19406**

Los Angeles County Superior Court, Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert L. Starr, Esq. (SBN 183052), 23901 Calabasas Road, Suite 2072, Calabass, CA 91302,(818) 225-9040

| DATE: 06/03/2019 | Clerk, Sherri R. Carter Executive Officer / Clerk of Court, Deputy |
|---|---|
| *(Fecha)* | *(Secretario)* DaNang Williams *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MCLAREN AUTOMOTIVE, INC.

under: ☒ CCP 416.10 (corporation)　　　☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)　　☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-7-19

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2019 03:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk
19STCV19406

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

1  Robert L. Starr, Esq. (State Bar Number 183052)
   robert@starrlaw.com
2  Adam M. Rose, Esq. (State Bar Number 210880)
   adam@starrlaw.com
3  THE LAW OFFICE OF ROBERT L. STARR, APC
   23901 Calabasas Road, Suite 2072
4  Calabasas, California 91302
   Telephone: (818) 225-9040
5  Facsimile: (818) 225-9042

6  Attorneys for Plaintiff,
   TOSH BERMAN

7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  TOSH BERMAN,                    )  CASE NO: 19STCV19406
                                    )
12              Plaintiff,          )  COMPLAINT
                                    )
13  v.                              )  1. BREACH OF IMPLIED WARRANTY
                                    )  2. BREACH OF EXPRESS WARRANTY
14  MCLAREN AUTOMOTIVE, INC.,       )  3. VIOLATION OF THE SONG BEVERLY
    a Corporation; and DOES 1 through 100, )     CONSUMER WARRANTY ACT
15  inclusive,                      )
                                    )
16              Defendants.         )

17  TOSH BERMAN alleges the following:

18  1.    Plaintiff TOSH BERMAN ("Plaintiff") at all relevant times was a resident of

19        Los Angeles County, California.

20  2.    Defendant MCLAREN AUTOMOTIVE, INC. ("MAI") at all relevant times was a

21        Corporation qualified to do business in California. The warranty repairs which are the

22        subject of this action occurred in Los Angeles County, therefore venue is proper in

23        Los Angeles County.

24  3.    MAI is in the business of designing, manufacturing, constructing, assembling, marketing,

25        distributing, and selling motor vehicles and motor vehicle components.

26  ///

27  ///

28  ///

                                      1

4.   The true names and capacities, whether individual, corporate, associate or otherwise, of the Doe defendants are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend the complaint to insert the true names when known. In addition to Plaintiff suing named Defendants, Plaintiff sues Defendants identified as DOES 1 to 100.

5.   Plaintiff alleges that the Doe defendants are also responsible for the wrongful acts alleged, and therefore liable to Plaintiff. Reference to a named defendant, to "Defendant", or "Defendants" refers to all names and Doe defendants.

6.   Defendants were the agents, employees and co-conspirators engaged in the acts and/or conduct alleged, acted at least in part within the course and scope of this agency and/or employment, and with the permission and consent of the other defendants. Plaintiff is informed and believes, and thereon alleges that all of the acts alleged below were ratified by the other defendants.

7.   On or about October 26, 2018, Plaintiff purchased a used 2018 Mclaren 570S Spider, Vehicle Identification Number SBM13FAA0JW005078, ("VEHICLE"). MAI provided an express written warranty relating to the VEHICLE that obligated MAI to Plaintiff.

8.   At the time the VEHICLE was delivered to Plaintiff, the VEHICLE was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle.

9.   In the time period that followed, the VEHICLE failed an unreasonable amount of times, did not function properly, and was not safe or reliable. The problems with the vehicle which were experienced by plaintiff were not the result of any misuse on the part of Plaintiff, and was not the result of any modifications made to the VEHICLE.

///
///
///
///
///
///

### FIRST CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY

#### Against All Defendants

10. Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

11. At the time Plaintiff purchased the VEHICLE, MAI and DOES 1 to 100, and Defendants impliedly warranted the VEHICLE was of merchantable quality and that it was fit for its intended use.

12. Defendants breached the implied warranty in that the VEHICLE was not of merchantable quality and not fit for its intended use.

13. The VEHICLE contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown.

14. As a direct and proximate result of Defendants' breach, the VEHICLE is virtually useless due to the frequency of breakdown, the safety hazards associated with using the vehicle, and the amount of time the vehicle was out of service due to repair attempts.

15. Plaintiff demanded that MAI repurchase the VEHICLE pursuant to California law, however Defendants refused.

16. Plaintiff suffered incidental and consequential damages as a result of the breach.

17. Pursuant to Civil Code Sections 1793.2 and 1794, Plaintiff seeks reimbursement for the cost of financing, and owning the VEHICLE, repairing the VEHICLE, attorney's fees, and a civil penalty, in an amount proved at trial.

### SECOND CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

#### Against All Defendants

18. Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

19. MAI and DOES 1 to 100 expressly warranted that the VEHICLE was merchantable, safely designed, assembled and fit for the purpose it was intended.

20. Defendants breached the express warranty in since the VEHICLE was not merchantable, safely designed, properly assembled, or fit for its intended purpose.

21. Subsequent to Plaintiff purchasing the VEHICLE, Plaintiff complained on several occasions the VEHICLE was not functioning properly. Plaintiff made reasonable attempts to have the VEHICLE repaired, however said Defendants did not properly repair the vehicle within a reasonable time frame.

22. As a direct and proximate result of Defendants' breach the value of the VEHICLE is substantially less than reasonably expected by Plaintiff.

23. Plaintiff requested MAI to repurchase the VEHICLE pursuant to California law, however MAI willfully refused, justifying an award of a civil penalty pursuant to Civil Code Section 1794.

24. Plaintiff suffered incidental and consequential damages as a result of the breach.

25. Pursuant to Civil Code Section 1794, Plaintiff also seeks reimbursement for the cost of financing, and owning the VEHICLE, rescission of the lease of the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF SONG BEVERLY CONSUMER WARRANTY ACT

### Against All Defendants

26. Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

27. The Song Beverly Consumer Warranty Act provides that parties making express warranties with regard to consumer goods shall conform to the federal standards for disclosure of warranty terms set forth in the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2301 et seq.).

///
///
///

28. Under Civil Code Section 1793.2(d)(1), if the manufacturer or its representative does not service or repair the goods to conform to applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, and/or loan payments and down payment paid by buyer, less the amount directly attributable to use by the buyer prior to discovery of the nonconformity.

29. Civil Code Section 1794(b)(2) provides the measure of damages under the Song Beverly Consumer Warranty Act is the right of replacement and reimbursement and the cost of repair necessary to make the consumer goods conform.

30. The intent of the Song Beverly Act is to protect consumers from warranty fraud and hold manufacturers accountable for their defective products.

31. MAI violated the Act by not repairing Plaintiff's VEHICLE after a reasonable number of attempts.

32. Defendant did not conform the VEHICLE to its express warranty after a reasonable number of repair attempts. The VEHICLE still does not conform to its warranty.

33. Under the Song Beverly Act, if a manufacturer of a vehicle is unable to repair a vehicle after a reasonable number of repair attempts, the manufacturer of the vehicle, upon demand from the consumer, must reimburse the consumer for the cost of purchasing and owning the vehicle.

34. MAI was unable to repair Plaintiff's VEHICLE after a reasonable number of repairs attempts. Plaintiff demanded that MAI repurchase the VEHICLE, however MAI willfully refused in violation of the Song Beverly Act.

35. Pursuant to Civil Code Section 1794, Plaintiff seeks reimbursement for the costs of purchasing, financing, and owning the VEHICLE, rescission of the purchase agreement for the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees, and a civil penalty in an amount to be proved at trial.

///

///

1   WHEREFORE, Plaintiff prays for the following:

2

3                                **FIRST CAUSE OF ACTION**

4   1.   Incidental and consequential damages in an amount to be proved at trial;

5   2.   Rescission of the purchase agreement for the VEHICLE;

6   3.   Reasonable attorney's fees according to proof;

7   4.   A civil penalty according to proof;

8   5.   Costs of suit;

9   6.   Pre-judgment interest;

10  7.   Other relief the court deems proper.

11

12                               **SECOND CAUSE OF ACTION**

13  1.   Incidental and consequential damages in an amount to be proved at trial;

14  2.   Rescission of the purchase agreement for the VEHICLE;

15  3.   Reasonable attorney's fees according to proof;

16  4.   A civil penalty according to proof;

17  5.   Costs of suit;

18  6.   Pre-judgment interest;

19  7.   Other relief the court deems proper.

20

21                                **THIRD CAUSE OF ACTION**

22  1.   Incidental and consequential damages in an amount to be proved at trial;

23  2.   Rescission of the purchase agreement for the VEHICLE;

24  3.   Reasonable attorney's fees according to proof;

25  4.   A civil penalty according to proof;

26  5.   Costs of suit;

27  6.   Pre-judgment interest;

28  7.   Other relief the court deems proper.

1   DATED: March 24, 2019          THE LAW OFFICE OF ROBERT L. STARR, APC

2

3                                  BY:

4                                       Robert L. Starr, Esq.
                                        Adam M. Rose, Esq.
5                                       Attorneys for Plaintiff,
                                        TOSH BERMAN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2019 06:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Robert L. Starr, Esq. (SBN 183052)<br>THE LAW OFFICE OF ROBERT L. STARR, APC<br>23901 Calabasas Road, Suite 2072<br>Calabasas, California 91302<br>TELEPHONE NO.: (818) 225-9040   FAX NO.: (818) 225-9042<br>ATTORNEY FOR *(Name):* Plaintiff, TOSH BERMAN | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
BERMAN v. MCLAREN AUTOMOTIVE, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [✓] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 24, 2019
Robert L. Starr, Esq. (SBN 183052)
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: BERMAN v. MCLAREN AUTOMOTIVE, INC. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: BERMAN v. MCLAREN AUTOMOTIVE, INC. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 3 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: BERMAN v. MCLAREN AUTOMOTIVE, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ – Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: BERMAN v. MCLAREN AUTOMOTIVE, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>2240 Colby Avenue |
|---|---|
| CITY:<br>Los Angeles | STATE: CA | ZIP CODE: 90064 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 24, 2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/03/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _DaNang Williams_ Deputy |

## NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

| | |
|---|---|
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV19406 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Holly J. Fujie | 56 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _06/05/2019_
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _DaNang Williams_____, Deputy Clerk

LACIV 190 (Rev 8/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):     FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date: _____

_____     ↘ _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (Insert date 10 calendar days following filing of the Request)

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
| --- | --- | --- | --- | --- |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | FAX NO. (Optional): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | | | |
| COURTHOUSE ADDRESS: | | | | |
| PLAINTIFF: | | | | |
| DEFENDANT: | | | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | | CASE NUMBER | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager (213) 253-8776 mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

**Los Angeles Superior Court ADR website:** www.lacourt.org/division/civil/settlement
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC2

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

   a) **Trial Court Records**

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) **Represented Litigants**

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) **Public Notice**

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

    a) The following documents shall not be filed electronically:

        i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii) Bonds/Undertaking documents;

        iii) Trial and Evidentiary Hearing Exhibits

        iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

  a) Filed Date

    i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

    ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

  a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019



11                                                    KEVIN C. BRAZILE
                                                       Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7