Robert L. Starr, Esq. (State Bar Number 183052)
robert@starrlaw.com
Adam M. Rose, Esq. (State Bar Number 210880)
adam@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR, APC
23901 Calabasas Road, Suite 2072
Calabasas, California 91302
Telephone:  (818) 225-9040
Facsimile:  (818) 225-9042

Attorneys for Plaintiff,
WHITE FOX, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WHITE FOX, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC.,<br>a Corporation; and DOES 1 through 100,<br>inclusive,<br><br>Defendants. | CASE NO: 2:19-cv-05808-AB-JPR<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. BREACH OF IMPLIED WARRANTY<br>2. BREACH OF EXPRESS WARRANTY<br>3. VIOLATION OF THE SONG BEVERLY CONSUMER WARRANTY ACT<br>4. VIOLATION OF THE UNIFORM COMMERCIAL CODE |

WHITE FOX, LLC alleges the following:

1.      Plaintiff WHITE FOX, LLC ("Plaintiff") at all relevant times was a resident of

Los Angeles County, California.

2.      Defendant MCLAREN AUTOMOTIVE, INC. ("MAI") at all relevant times was a

Corporation qualified to do business in California. The warranty repairs which are the

subject of this action occurred in Los Angeles County, therefore venue is proper in

Los Angeles County.

3.      MAI is in the business of designing, manufacturing, constructing, assembling, marketing,

distributing, and selling motor vehicles and motor vehicle components.

///

///

///

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of the Doe defendants are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend the complaint to insert the true names when known.  In addition to Plaintiff suing named Defendants, Plaintiff sues Defendants identified as DOES 1 to 100.

5.      Plaintiff alleges that the Doe defendants are also responsible for the wrongful acts alleged, and therefore liable to Plaintiff. Reference to a named defendant, to "Defendant", or "Defendants" refers to all names and Doe defendants.

6.      Defendants were the agents, employees and co-conspirators engaged in the acts and/or conduct alleged, acted at least in part within the course and scope of this agency and/or employment, and with the permission and consent of the other defendants.  Plaintiff is informed and believes, and thereon alleges that all of the acts alleged below were ratified by the other defendants.

7.      On or about October 26, 2018,  Plaintiff purchased a used 2018 Mclaren 570S Spider, Vehicle Identification Number SBM13FAA0JW005078, ("VEHICLE").  MAI provided an express written warranty relating to the VEHICLE that obligated MAI to Plaintiff. Plaintiff is a buyer of consumer goods, as defined in California <u>Civil Code</u> section 1791.

8.      At the time the VEHICLE was delivered to Plaintiff, the VEHICLE was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle.

9.      In the time period that followed, the VEHICLE failed an unreasonable amount of times, did not function properly, and was not safe or reliable.  The problems with the vehicle which were experienced by plaintiff were not the result of any misuse on the part of Plaintiff, and was not the result of any modifications made to the VEHICLE.

**FIRST CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

**Against All Defendants**

10.     Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

11.     At the time Plaintiff purchased the VEHICLE, MAI and DOES 1 to 100, and Defendants impliedly warranted the VEHICLE was of merchantable quality and that it was fit for its intended use.

12.     Defendants breached the implied warranty in that the VEHICLE was not of merchantable quality and not fit for its intended use.

13.     The VEHICLE contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown.

14.     As a direct and proximate result of Defendants' breach, the VEHICLE is virtually useless due to the frequency of breakdown, the safety hazards associated with using the vehicle, and the amount of time the vehicle was out of service due to repair attempts.

15.     Plaintiff demanded that MAI  repurchase the VEHICLE pursuant to California law, however Defendants refused.

16.     Plaintiff suffered incidental and consequential damages as a result of the breach.

17.     Pursuant to Civil Code sections 1793.2 and 1794, Plaintiff seeks reimbursement for the cost of financing, and owning the VEHICLE, repairing the VEHICLE, attorney's fees, and a civil penalty, in an amount proved at trial.


**SECOND CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

**Against All Defendants**

18.     Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

19.     MAI and DOES 1 to 100 expressly warranted that the VEHICLE was merchantable, safely designed, assembled and fit for the purpose it was intended.

20.     Defendants breached the express warranty in since the VEHICLE was not merchantable, safely designed, properly assembled, or fit for its intended purpose.

21.     Subsequent to Plaintiff purchasing the VEHICLE, Plaintiff complained on several occasions the VEHICLE was not functioning properly.  Plaintiff made reasonable

1    attempts to have the VEHICLE repaired, however said Defendants did not properly repair

2    the vehicle within a reasonable time frame.

3    22.    As a direct and proximate result of Defendants' breach the value of the VEHICLE is

4    substantially less than reasonably expected by Plaintiff.

5    23.    Plaintiff requested MAI to repurchase the VEHICLE pursuant to California law, however

6    MAI willfully refused, justifying an award of a civil penalty pursuant to Civil Code

7    section 1794.

8    24.    Plaintiff suffered incidental and consequential damages as a result of the breach.

9    25.    Pursuant to Civil Code section 1794, Plaintiff also seeks reimbursement for the cost of

10    financing, and owning the VEHICLE, rescission of the lease of the VEHICLE, restitution

11    damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees in an

12    amount to be proved at trial.

13

14    **THIRD CAUSE OF ACTION**

15    **VIOLATION OF SONG BEVERLY CONSUMER WARRANTY ACT**

16    **Against All Defendants**

17    26.    Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

18    27.    The Song Beverly Consumer Warranty Act provides that parties making express

19    warranties with regard to consumer goods shall conform to the federal standards for

20    disclosure of warranty terms set forth in the Magnuson-Moss Warranty Federal Trade

21    Commission Improvement Act (15 U.S.C. § 2301 et seq.).

22    28.    Under Civil Code section 1793.2(d)(1), if the manufacturer or its representative does not

23    service or repair the goods to conform to applicable express warranties after a reasonable

24    number of attempts, the manufacturer shall either replace the goods or reimburse the

25    buyer in an amount equal to the purchase price paid by the buyer, and/or loan payments

26    and down payment paid by buyer, less the amount directly attributable to use by the buyer

27    prior to discovery of the nonconformity.

28    ///

29.   Civil Code section 1794(b)(2) provides the measure of damages under the Song Beverly Consumer Warranty Act is the right of replacement and reimbursement and the cost of repair necessary to make the consumer goods conform.

30.   The intent of the Song Beverly Act is to protect consumers from warranty fraud and hold manufacturers accountable for their defective products.

31.   MAI violated the Act by not repairing Plaintiff's VEHICLE after a reasonable number of attempts.

32.   Defendant did not conform the VEHICLE to its express warranty after a reasonable number of repair attempts. The VEHICLE still does not conform to its warranty.

33.   Under the Song Beverly Act, if a manufacturer of a vehicle is unable to repair a vehicle after a reasonable number of repair attempts, the manufacturer of the vehicle, upon demand from the consumer, must reimburse the consumer for the cost of purchasing and owning the vehicle.

34.   MAI was unable to repair Plaintiff's VEHICLE after a reasonable number of repairs attempts.  Plaintiff demanded that MAI repurchase the VEHICLE, however  MAI willfully refused in violation of the Song Beverly Act.

35.   Pursuant to Civil Code section 1794, Plaintiff seeks reimbursement for the costs of purchasing, financing, and owning the VEHICLE, rescission of the purchase agreement for the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees, and a civil penalty in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE UNIFORM COMMERCIAL CODE**

**Against all Defendants**

36.   Plaintiff incorporates by reference paragraphs 1 to 9 as though fully set forth.

///

///

///

37.  The VEHICLE when it was sold to Plaintiff, contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the VEHICLE unsafe for use, and making it impossible for Plaintiff to use the VEHICLE without substantial inconvenience, failure and mechanical breakdown.

38.  Commercial Code section 1203 covers the duty of parties to deal with each other in good faith. This parallels the Lemon Law concept regarding charging a civil penalty for willfully refusing to act in good faith.

39.  Commercial Code section 2602 covers the manner and effect of rejecting goods. Here, Plaintiff has properly rejected the VEHICLE.

40.  Commercial Code section 2607 covers establishing a breach of supplier of goods after acceptance. At the time Plaintiff purchased the VEHICLE, Plaintiff believed the VEHICLE conformed to factory specifications, but subsequently learned the VEHICLE did not conform. Thus, MAI breached its warranty contract with Plaintiff. When Plaintiff purchased the VEHICLE, Plaintiff did so based upon the understanding that the VEHICLE conformed to factory specifications, but subsequently learned the VEHICLE did not conform. Thus MAI breached its agreement with Plaintiff.

41.  As a direct and proximate result os said breach of Defendants, and each of them, Plaintiff purchased a virtually useless VEHICLE due to the frequency of breakdowns, the safety hazards associated with using the VEHICLE and the amount of time the VEHICLE was out of service due to repair attempts made by Defendants.

42.  Commercial Code section 2608 covers revocation of acceptance. Plaintiff hereby revokes acceptance of the VEHICLE based upon the fact that the VEHICLE does not conform to warranty specifications.

43.  When Plaintiff entered into the purchase and took delivery of the VEHICLE, Defendants, and each of them, represented that said VEHICLE was of merchantable and good quality.

44.  Under the terms of the purchase agreement, Plaintiff paid good and valuable consideration.

///

45.     Subsequent to entering into the purchase agreement, Plaintiff took possession of the VEHICLE and learned that the VEHICLE is not in good and merchantable condition.

46.     Plaintiff will suffer substantial harm and injury under the purchase agreement if it is not rescinded since Plaintiff will be deprived of the benefit of the bargain.  Plaintiff would have a VEHICLE substantially different from the inferior to the one he bargained and paid for.

47.     Plaintiff intends service of summons and complaint to serve as further notice of rescission of the purchase agreement and demands Defendant restore to Plaintiff consideration furnished pursuant to the purchase agreement.  Plaintiff further demands that Defendants, and each of them, restore Plaintiff the consequential damages incurred as a result of Plaintiff purchasing the VEHICLE.

48.     As a result of entering into the purchase agreement relating to the VEHICLE, Plaintiff incurred expenses in addition to those alleged above.

49.     Further, as a direct and proximate result of said breach by Defendants, and each of them, Plaintiff suffered incidental and consequential damages in an amount to be proved at trial.

WHEREFORE, Plaintiff prays for the following:

**FIRST CAUSE OF ACTION**

1.     Incidental and consequential damages in an amount to be proved at trial;

2.     Rescission of the purchase agreement for the VEHICLE;

3.     Reasonable attorney's fees according to proof;

4.     A civil penalty according to proof;

5.     Costs of suit;

6.     Pre-judgment interest;

7.     Other relief the court deems proper.

///

///

**SECOND CAUSE OF ACTION**

1.      Incidental and consequential damages in an amount to be proved at trial;

2.      Rescission of the purchase agreement for the VEHICLE;

3.      Reasonable attorney's fees according to proof;

4.      A civil penalty according to proof;

5.      Costs of suit;

6.      Pre-judgment interest;

7.      Other relief the court deems proper.


**THIRD CAUSE OF ACTION**

1.      Incidental and consequential damages in an amount to be proved at trial;

2.      Rescission of the purchase agreement for the VEHICLE;

3.      Reasonable attorney's fees according to proof;

4.      A civil penalty according to proof;

5.      Costs of suit;

6.      Pre-judgment interest;

7.      Other relief the court deems proper.

///

///

///

///

///

///

///

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES

1                          **FOURTH CAUSE OF ACTION**

2    1.    Incidental and consequential damages in an amount to be proved at trial;

3    2.    Rescission of the purchase agreement of the VEHICLE;

4    3.    Reasonable attorney's fees according to proof;

5    4.    Costs of suit;

6    5.    Pre-judgment interest at the legal rate;

7    6.    Other relief the court deems proper.

8

9    DATED: July 19, 2019                THE LAW OFFICE OF ROBERT L. STARR, APC

10

11
                                         BY: /s/ Robert Starr
12                                            Attorney for Plaintiff
                                              WHITE FOX, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28